IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**AUSTIN HICKS and BRITTANI GIVENS**,

 Plaintiffs,

v.

**WALMART INC., d/b/a WAL-MART d/b/a WALMART SUPERCENTER**,

 Defendant.

---

## DEFENDANT'S NOTICE OF REMOVAL

---

TO:   PLAINTIFFS AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Defendant Walmart Inc., a Delaware corporation, by and through its counsel, Jacquelyn S. Booker and Karlee I. Janigian, of Sutton | Booker | P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR 81.1, hereby submits this Notice of Removal as follows:

### INTRODUCTION AND BASIS FOR REMOVAL

1.      Walmart Inc., a Delaware corporation ("Walmart") is the Defendant in the above titled action, originally filed in the District Court, El Paso County, Colorado, Case No. 2026CV031668.  On or about July 9, 2026, Plaintiffs, Austin Hicks and Brittani Givens ("Plaintiffs" or "Plaintiff Hicks" or "Plaintiff Givens") filed their Complaint and Jury Demand in El Paso County District Court, Colorado.  The Complaint seeks recovery of damages against Walmart based on allegations of Premises Liability Act and Negligent

1

Undertaking/Assumed Duty via *Respondeat Superior*. *See generally* Plaintiff's Complaint and Jury Demand, **Exhibit A**.

2.　　Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.  28 U.S.C. § 1441(a).  The district courts of the United States have original jurisdiction of all actions between the citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).

3.　　The present action is between citizens of different states.

4.　　Plaintiffs are citizens of the State of Colorado. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). A party's domicile is based on a consideration of several factors, including but not limited to the party's residency, work address, vehicle registration, real property ownership, voter registration and voting practices, bank account locations, group/club membership, driver's license, and tax payment. *Ordonez v. Am. Auto. Ins. Co.*, No. 18-cv-02906-PAB, 2018 WL 6075251, at *2 (D. Colo. Nov. 21, 2018) (citing *Middleton*, 749 F.3d at 1200-01, and *Dumas v. Warner Literary Grp.*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016)). These factors point to Plaintiffs' domicile being in Colorado. Plaintiff Hicks and Plaintiff Givens allege they reside in the State of Colorado. *See* **Exhibit A** at ¶¶ 1, 2. Plaintiff Givens has an address in Colorado Springs.

5.      Defendant is a citizen of the State of Delaware with its principal place of business in Arkansas. *See* **Exhibit A** at ¶ 8 and documents on file with Colorado Secretary of State, **Exhibit B**.

6.      The amount in controversy exceeds $75,000. In the District Court Civil (CV) Case Cover Sheet, Plaintiff states he seeks more than $100,000 in damages. *See* **Exhibit C** at 2. *See also Paros Properties, LLC v Colorado Cas. Ins. Co.,* 835 F.3d 1264, 1272 (10th Cir. 2016) ("There is no ambiguity in the [Civil Case] cover sheet."). Plaintiff Hicks is claiming medical expenses as a result of the accident.  *See* **Exhibit A** at ¶¶ 3, 63. Plaintiff Givens is claiming loss of consortium damages. *See* **Exhibit A** at ¶ 24.

7.      Therefore, as the diversity of citizenship and amount in controversy requirements have been met, this Court has original jurisdiction of this matter. Accordingly, Plaintiff's action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

8.      This Notice of Removal is timely under 28 U.S.C. §1446(b). Walmart has thirty (30) days from the date it was served with Plaintiffs' Complaint to file its Notice of Removal. Walmart was served with Plaintiffs' Complaint and Jury Demand in this matter on July 10, 2026. *See* **Exhibit D**. Thus, State Farm's Notice of Removal is due July 31, 2026.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9.      Pursuant to 28 U.S.C. § 1446(a), Fed. R. Civ. P. 81(c) and D.C.Colo.LCivR 81.1, a copy of all process, pleadings, and orders that were served by

the parties are attached. Undersigned counsel will promptly file a Notice of Intent to Remove with the El Paso District Court. *See* **Exhibit I**. The process, pleadings, and Orders are captioned as follows:

**Exhibit A**    Complaint and Jury Demand;

**Exhibit B**    Colorado Secretary of State recording;

**Exhibit C**    District Court Civil Cover Sheet;

**Exhibit D**    Notice of Service of Process to Walmart, Inc.;

**Exhibit E**    Summons to Defendant Walmart, Inc.;

**Exhibit F**    Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Complaint;

**Exhibit G**    Order Granting Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiffs' Complaint;

**Exhibit H**    Register of Actions; and

**Exhibit I**    Notice of Intent to Remove.

10.    Walmart has complied with the requirements of 28 U.S.C. § 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR 81.1.

WHEREFORE, pursuant to this Notice of Removal and 28 U.S.C. § 1441, Defendant, Walmart, Inc. respectfully requests that this case be removed from the El Paso District Court, that this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action, and that the Defendant be afforded such further relief as this Court deems just and appropriate.

4

Respectfully submitted this 7th day of August, 2026.

/s/ Karlee I. Janigian
Jacquelyn S. Booker
Karlee I. Janigian
Sutton | Booker | P.C.
4949 S. Syracuse St., Ste. 500
Denver, Colorado 80237
Telephone:  303-730-6204
Facsimile:   303-730-6208
E-Mail:  jbooker@suttonbooker.com
kjanigian@suttonbooker.com
*Attorneys for Defendant Walmart Inc., a Delaware corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2026, I electronically filed a true and correct copy of the above and foregoing Defendant's Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Keith Vance
Maher and Maher Law, PC
12295 Oracle Blvd., Ste. 300
Colorado Springs, CO 80921
*Attorney for Plaintiff*

/s/  Carrie J. Gordon
*A duly signed original is on file at Sutton | Booker | P.C.*