EXHIBIT A

| | |
|---|---|
| District Court, El Paso County, State of Colorado<br>270 S. Tejon St.<br>Colorado Springs, CO 80903<br>(719) 452-5000 | DATE FILED<br>July 9, 2026 9:19 AM<br>FILING ID: 4EBD905DC3589<br>CASE NUMBER: 2026CV31668 |
| **Plaintiffs:** **AUSTIN HICKS and BRITTANI GIVENS,**<br><br>**v.**<br><br>**Defendant:** **WALMART INC., d/b/a WAL-MART d/b/a WALMART SUPERCENTER.** | **▲ COURT USE ONLY ▲** |
| *Counsel for Plaintiffs:*<br>Keith Vance, Reg. No. 28938<br>MAHER AND MAHER LAW, PC<br>12295 Oracle Blvd., Suite 300<br>Colorado Springs, CO 80921<br>(719) 301-7500<br>Keith.vance@maherandmaherlaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

**THE PLAINTIFFS**, Austin Hicks and Brittani Givens, by and through their undersigned counsel, brings this Complaint against Defendant Walmart Inc. d/b/a Wal-Mart d/b/a Walmart Supercenter. As grounds Plaintiffs allege and state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Austin Hicks, is a citizen and resident of the City of Colorado Springs, County of El Paso, State of Colorado.

2. Plaintiff, Brittani Givens, is a citizen and resident of the City of Colorado Springs, County of El Paso, State of Colorado.

3. Plaintiffs seek compensatory damages resulting from injuries occurring on April 2, 2025.

4. On April 2, 2025, Plaintiff Austin Hicks was injured when he slipped and fell, hitting his head and losing consciousness due to the presence of water, urine and other liquid substances on the floor of men's restroom in the Walmart Supercenter, Store #1200, located at 3201 E. Platte Avenue, Colorado Springs., CO 80916 (hereafter "the Premises").

EXHIBIT A

5. Upon information and belief, Defendant Wal-Mart, Inc. d/b/a Wal-Mart d/b/a Walmart Supercenter (hereafter Defendant "Wal-Mart") is a foreign corporation doing business in Colorado.

6. At all times relevant herein, Defendant Wal-Mart conducted business in El Paso County, Colorado.

7. At all times relevant herein, Defendant Wal-Mart was registered with the Colorado Secretary of State.

8. At all times relevant herein, Defendant Wal-Mart's principal office street address was 702 SW 8th Street, Bentonville, AR 72716.

9. At all times relevant herein, Defendant Wal-Mart's registered agent for Colorado was CT Corporation System, located at 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

10. At all times relevant herein, Defendant Wal-Mart operated under the trade name of Wal-Mart.

11. At all times relevant herein, Defendant Wal-Mart operated under the trade name of Wal-Mart Neighborhood Market.

12. At all times relevant herein, Defendant Wal-Mart operated under the trade name of Wal-Mart Supercenter.

13. At all times relevant herein, Defendant Wal-Mart operated under the trade name and/or did business as Wal-Mart Supercenter Store #1200.

14. At all times relevant herein, Defendant Wal-Mart owned the Premises.

15. At all times relevant herein, Defendant Wal-Mart controlled the Premises.

16. At all times relevant herein, Defendant Wal-Mart occupied the Premises.

17. At all times relevant herein, Defendant Wal-Mart maintained the Premises.

18. At all times relevant herein, Defendant Wal-Mart managed the Premises.

19. At all times relevant herein, Defendant Wal-Mart employed workers to work on the Premises.

20. After the fall, Wal-Mart employees provided negligent assistance to Plaintiff Austin Hicks and allowed him to fall again, hitting his head again and losing consciousness again.

21. Plaintiffs seek compensatory damages resulting from injuries to Austin Hicks arising under the Colorado Premises Liability Act (hereafter "PLA") and negligence.

22. As a direct and proximate result of the subject incident, Plaintiff Austin Hicks suffered economic, non-economic and impairment damages as described herein.

23. Plaintiffs Austin Hicks and Brittani Givens were married on April 2, 2025, and continue to be married to date.

24. As a direct and proximate result of the injuries sustained by Austin Hicks, Brittani Givens suffered loss of consortium damages that includes, without limitation, the loss of general comfort, care and family life; the loss of emotional connection; the deprivation of physical intimacy; and economic damages for the loss of household work, childcare or caregiver assistance that Austin Hicks has been unable to perform as he did before the subject incident.

25. Pursuant to C.R.S. § 13-1-124, this Court has personal jurisdiction over the parties to this action as the alleged incident occurred on the Premises.

26. Pursuant to C.R.S.A. § Const. Art. 6 § 9, this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount in controversy exceeds $25,000.00.

27. Pursuant to C.R.C.P. 98(c), venue is proper in El Paso County District Court because the subject incident occurred in El Paso County, State of Colorado.

## GENERAL ALLEGATIONS

28. Plaintiffs incorporate all prior allegations as if fully set forth herein.

29. The incident occurred on a Wednesday.

30. At all times relevant herein, Defendant Wal-Mart was a landowner as defined by the Colorado PLA, C.R.S. § 13-21-115.

31. In Colorado, a landowner has a non-delegable duty to protect invitees from unsafe conditions on the Premises.

32. In Colorado, a landowner has a non-delegable duty to protect licensees from unsafe conditions on the Premises.

33. In Colorado, a landowner is deemed to have constructive knowledge of unsafe conditions on its premises and is liable for injuries resulting therefrom.

34. In Colorado, a landowner is vicariously liable for the negligent acts of its employees who are acting within the course and scope of their employment.

EXHIBIT A

35. On April 2, 2025, before the fall, Defendant Wal-Mart had actual knowledge or constructive knowledge of the water, urine or another liquid on the floor of the men's restroom.

36. The water, urine or another liquid on the floor of the men's restroom constituted a dangerous condition on the Premises.

37. On April 2, 2025, Plaintiff Austin Hicks was injured while on the Premises.

38. On April 2, 2025, Plaintiff Austin Hicks entered the Premises as a customer.

39. On April 2, 2025, Plaintiff Austin Hicks was using the men's restroom on the Premises.

40. On April 2, 2025, Plaintiff Austin Hicks was lawfully on the Premises.

41. On April 2, 2025, Plaintiff Austin Hicks was on the Premises an "invitee" as defined by the PLA.

42. When Plaintiff Austin Hicks was in the men's restroom, he slipped on water, urine or another liquid substance on the floor.

43. At that time and place, the water, urine or other liquid substance on the floor was not marked with a safety cone or caution sign.

44. At that time and place, there were no signs warning of the dangerous condition on the premises.

45. At that time and place, Defendant Wal-Mart failed to provide a safe environment on the Premises.

46. At that time and place, Defendant Wal-Mart failed to reasonably inspect, maintain and control the premises.

47. At that time and place, Defendant Wal-Mart failed to correct, eliminate and warn of dangerous conditions on the premises.

48. At that time and place, Plaintiff was using reasonable care for his own safety.

49. Defendants should have policies in place that would ensure the safety of invitees on the Premises.

50. Upon information and belief, Defendants failed to enact or follow policies that would ensure the safety of invitees on the Premises.

51. As a result of this incident, Plaintiffs are entitled to compensation for damages.

## FIRST CLAIM FOR RELIEF
## (PREMISES LIABILITY ACT)

52. Plaintiffs incorporate all prior allegations as though fully set forth herein.

53. Defendant Wal-Mart was legally responsible for the activities conducted and circumstances that existed on the Premises at the time of the incident.

54. Defendant Wal-Mart was a “landowner” of the Premises at the time of the incident, as defined by the PLA.

55. Plaintiff Austin Hicks was “invitee” on the Premises at the time of the incident, as defined by the PLA.

56. At all times relevant hereto, pursuant to the PLA, the Defendants owed a duty to invitees, including Plaintiff, to exercise reasonable care to protect against dangers of which it knew or should have known.

57. Wal-Mart knew or should have known that the liquids on the men’s restroom floor of the Premises was a danger to its invitees, including Plaintiff.

58. Wal-Mart unreasonably failed to exercise reasonable care to protect invitees, including Plaintiff, against such danger at the time of the subject incident.

59. Wal-Mart failed to meet its duties relative to the dangerous conditions existing on the Premises at the time of the subject incident.

60. Wal-Mart unreasonably failed to correct the dangerous conditions existing on the Premises at the time of the subject incident.

61. Wal-Mart unreasonably failed to eliminate the dangerous conditions existing on the Premises at the time of the subject incident.

62. As a direct, foreseeable and proximate result of Defendant Wal-Mart’s statutory failures, Plaintiffs sustained injuries, damages and losses.

63. As a direct, foreseeable and proximate result of Defendant Wal-Mart’s statutory failures, Plaintiff Austin Hicks has suffered and will continue to suffer, including, but not limited to, the following:

    a. Serious bodily injury;

    b. Past and future economic expenses, losses and damages including, but not limited to, medical and other health care rehabilitation expenses related to his injuries, wage loss, past and future loss of earnings and earning capacity and loss of time;

EXHIBIT A

c. Past and future non-economic damages including, but not limited to, physical pain, mental pain, physical suffering, mental suffering, inconvenience, loss of enjoyment of life and impairment to his quality of life; and

d. Temporary and permanent physical impairment and disfigurement, injuries and disabilities.

64. As a direct, foreseeable and proximate result of Defendant Wal-Mart's statutory failures, Plaintiff Brittani Givens has suffered and will continue to suffer loss of consortium damages.

**<u>SECOND CLAIM FOR RELIEF</u>**
**(NEGLIGENT UNDERTAKING/ASSUMED DUTY VIA *RESPONDEAT SUPERIOR*)**

65. Plaintiffs incorporate all prior allegations as though fully set forth herein.

66. After Plaintiff Austin Hicks fell due to the dangerous condition in the men's restroom, Wal-Mart employees undertook to render assistance to him.

67. Upon information and belief, the employees were acting within the course and scope of their employment when they undertook to render assistance.

68. Plaintiff Austin Hicks relied on the Wal-Mart employees to help him after his fall.

69. The Wal-Mart employees rendered assistance negligently.

70. Specifically, the Wal-Mart employees found Plaintiff Austin Hicks on the floor of the men's restroom, in an unconscious or altered conscious state.

71. Then, the Wal-Mart employees collected Plaintiff Austin Hicks off the floor, had him stand and then sit on the bathroom counter.

72. Then, the Wal-Mart employees left him on the counter without assistance with a garbage bucket in front of him for vomiting.

73. After leaving Austin Hicks on the counter alone and without assistance, Austin Hicks lost consciousness again and fell forward and hit his head again on the floor.

74. As a direct, foreseeable and proximate result of the negligent assistance rendered by the Wal-Mart employees, the injuries sustained by Plaintiff Austin Hicks were aggravated and/or additional harm was caused to Plaintiff Austin Hicks.

75. As a direct, foreseeable and proximate result of the negligent assistance rendered by the Wal-Mart employees, both Plaintiffs incurred damages as set forth above.

76. Under the doctrine of *respondeat superior*, Wal-Mart is responsible and vicariously liable for the damages caused by the negligent acts of its employees.

**WHEREFORE**, Plaintiffs respectfully request that this honorable Court enter judgment against Defendant and in favor of Plaintiff for the following, in amounts to be proven at or following trial:

a. Economic damages;

b. Noneconomic damages;

c. Damages for impairment;

d. All other compensatory damages caused by Defendants' acts or omissions, in amounts to be proven at trial;

e. Pre- and post-judgment interest as permitted by law until paid;

f. Plaintiff's costs, including expert witness fees; and

g. For such other and further relief as the Court deems appropriate under the circumstances.

**JURY DEMAND**

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted: July 9, 2026.

MAHER AND MAHER LAW, P.C.

*/s/ Keith Vance*
Keith Vance, CO Reg. No. 28938
*Attorney for Plaintiffs*

**Plaintiffs Address:**
217 S. Weber Street, Unit 530
Colorado Springs, CO 80903